# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 19-268 (MJD/BRT) |
| Plaintiff, | |
| v. | |
| Darnell Andre Dunn (1), and<br>Justin Marlo Lindsey (2), | **ORDER** |
| Defendants. | |

Harry Jacobs, Esq., United States Attorney's Office, counsel for Plaintiff.

Kurt B. Glaser, Esq., Smith & Glaser, LLC, counsel for Defendant Darnell Andre Dunn.

Piper Kenney Wold, Esq., Law Office of Piper L. Kenney, counsel for Defendant Justin Marlo Lindsey.

This action came on for hearing before the Court on January 3, 2020, at the U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101. The Defendants presented various pretrial motions, and the Government presented motions for discovery. Based on the file and documents contained herein, along with the memoranda and arguments of counsel, the Court makes the following Order:

1.  **Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 (as to Defendant Dunn).** The Government seeks disclosure of documents and tangible objects, reports of examinations and tests, and a written summary of expert testimony pursuant to Fed. R. Crim. P. 16(b). The Government also seeks disclosure of any alibi by the Defendant pursuant to Fed. R.

Crim. P. 12.1, and all witness statements pursuant to Fed. R. Crim. P. 26.2. In addition, the Government seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.2, if Defendant intends to rely upon the defense of insanity or introduce expert testimony relating to a mental disease or defect or any other mental condition of the Defendant bearing on the issue of guilt. The Government also seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.3, if Defendant intends to rely upon the defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the offense. Defendant Dunn filed no objection to the motion. Therefore, Defendant Dunn is hereby ordered to comply with the discovery and disclosure obligations under the aforementioned rules. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 **(Doc. No. 27)** is **GRANTED**. The parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial.

2. **Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 (as to Defendant Lindsey).** The Government seeks disclosure of documents and tangible objects, reports of examinations and tests, and a written summary of expert testimony pursuant to Fed. R. Crim. P. 16(b). The Government also seeks disclosure of any alibi by the Defendant pursuant to Fed. R. Crim. P. 12.1, and all witness statements pursuant to Fed. R. Crim. P. 26.2. In addition, the Government seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R.

Crim. P. 12.2, if Defendant intends to rely upon the defense of insanity or introduce expert testimony relating to a mental disease or defect or any other mental condition of the Defendant bearing on the issue of guilt. The Government also seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.3, if Defendant intends to rely upon the defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the offense. Defendant Lindsey filed no objection to the motion. Therefore, Defendant Lindsey is hereby ordered to comply with the discovery and disclosure obligations under the aforementioned rules. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 (**Doc. No. 28**) is **GRANTED**. The parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial.

**3.     Defendant Dunn's Rule 16 Request for Pretrial Discovery.** Defendant Dunn requests an order requiring the Government to produce or permit various items of discovery, inspection, and copying pursuant to Fed. R. Crim. P. 16 and any other statutory or constitutional rules. The Government represents that it has made all disclosures required under Rule 16, and that it will continue to supplement its disclosures as additional materials come into its possession. Defendant Dunn's Rule 16 Request for Pretrial Discovery (**Doc. No. 38**) is **GRANTED** to the extent that it conforms to Fed. R. Crim. P. 12, 16, and 26.2 and is not already moot. The motion is **DENIED** to the extent that the Jencks Act protects disclosure, and identification of witnesses shall be done in

accordance with the District Court's pretrial order on disclosure of witness and exhibit lists. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

4. **Defendant Dunn's Motion for Government Agents to Retain Rough Notes.** Defendant Dunn moves for an order requiring law enforcement agents, including any confidential reliable informants, to retain and preserve all rough notes taken as part of their investigation into this case. The Government does not object to the motion and represents that it has instructed its agents to do so. Defendant Dunn's Motion for Government Agents to Retain Rough Notes **(Doc. No. 39)** is **GRANTED**. However, disclosure of rough notes is not required by this Order.

5. **Defendant Dunn's Motion to Disclose Evidence Favorable to the Defendant.** Defendant Dunn moves, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, for an order compelling the Government to disclose all evidence favorable to him. The Government states that it will comply fully with its obligations under *Brady* and *Giglio*. Defendant Dunn's Motion to Disclose Evidence Favorable to the Defendant **(Doc. No. 40)** is **GRANTED**. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

6. **Defendant Dunn's Motion for Early Disclosure of Jencks Act Material.**

Defendant Dunn moves for an order requiring the Government's early compliance with the Jencks Act, 18 U.S.C. § 3500, specifically requesting disclosure of Jencks Act material at least two weeks prior to trial. The Government objects to this motion on the grounds that this Circuit has repeatedly held that the government may not be required to make pretrial disclosure of Jencks material. *United States v. Sturdivant*, 513 F.3d 795, 803 (8th Cir. 2008); *see also United States v. White*, 750 F.2d 726, 728–29 (8th Cir. 1984). Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant Dunn's Motion for Early Disclosure of Jencks Act Material (**Doc. No. 41**) is **DENIED**. Nothing in this Order, however, precludes the Government from voluntarily disclosing Jenks Act material three business days prior to trial as it has represented it would.

7. **Defendant Dunn's Motion for Disclosure of 404 Evidence.** Defendant Dunn moves for immediate disclosure of any "bad act" or "similar course of conduct" evidence that the Government intends to offer at trial pursuant to Fed. R. Evid. 404, and to further direct the Government to identify the witnesses through whom such evidence will be presented at trial. The Government objects to immediate disclosure, but represents that it will comply with Rule 404 and that it is agreeable to disclosure 14 days prior to trial. Defendant Dunn's Motion for Disclosure of 404 Evidence (**Doc. No. 42**) is

5

**GRANTED** to the extent that the Government must disclose Rule 404 evidence no later than **14 days** prior to trial. Identification of witnesses shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists.

8.   **Defendant Dunn's Motion for Grand Jury Transcripts.** Defendant Dunn moves for pretrial disclosure of minutes of the grand jury and the grand jury transcripts. The Government states that it will provide grand jury transcripts for any witnesses it intends to call at the motions hearing or at trial as required pursuant to the Jencks Act (and as previously stated, it has agreed to provide such Jencks Act material three days prior to trial). Defendant Dunn's Motion for Grand Jury Transcripts **(Doc. No. 43)** is **GRANTED IN PART** and **DENIED IN PART**. To the extent the Jencks Act precludes disclosure, the motion is denied. However, as stated above, nothing precludes the Government from voluntarily producing the grand jury transcripts of trial witnesses three days before trial, as it has represented it would do.

9.   **Defendant Dunn's Motion for List of Government Witnesses.** Defendant Dunn seeks a list of all persons and their addresses for whom the Government intends to call as witnesses at trial. The Government states that it will comply with the District Court's trial order for submitting its witness list. Federal Rule of Criminal Procedure 16 does not require such disclosure of witness identifications. *Arcoren v. United States*, 929 F. 2d 1235, 1242 (8th Cir. 1991), *cert. denied*, 502 U.S. 913 (1991). Therefore, Defendant Dunn's Motion for List of Government Witnesses **(Doc. No. 44)**, is **DENIED**. Trial witness disclosures shall be made in accordance with the District Court's pretrial order.

10. **Defendant Dunn's Motion for Disclosure of Post-Conspiracy Statements of Co-Defendant.** Defendant Dunn moves the Court for an order pursuant to Rule 16 of the Federal Rules of Criminal Procedure and *Bruton v. United States*, 391 U.S. 123 (1968), compelling the Government to give notice and disclosure of its intent to use evidence at trial of statements or confessions of any co-Defendant, and granting Defendant leave to file motions for severance, suppression, and/or motions *in limine*. The Government states that it has complied with all of its discovery obligations under the Rules, but objects to the disclosure of statements of unindicted co-conspirators. Defendant Dunn's Motion for Disclosure of Post-Conspiracy Statements of Co-Defendant **(Doc. No. 45)** is **GRANTED IN PART** and **DENIED IN PART**. To the extent that the motion seeks evidence favorable to the Defendant, the statements will be produced pursuant to the Court's Order on various motions seeking exculpatory evidence, impeaching evidence, and evidence otherwise favorable to Defendant. The motion is further **GRANTED** to the extent that it conforms to the scope of Rule 16, and the Government shall comply with any obligations that may arise under *Bruton v. United States*, 391 U.S. 123 (1968). The motion is otherwise **DENIED WITHOUT PREJUDICE**. Any motions *in limine* shall be filed in accordance with the District Court's pretrial order. And the Government may make Jencks Act material available to Defendant three days prior to trial as it has represented it will do.

11. **Defendant Dunn's Motion for Suppression of Evidence.** Defendant Dunn seeks an order suppressing all statements, admissions, and answers made by Defendant Dunn prior to, at the time of, or subsequent to arrest, and suppressing the

discovery of the handgun. The Government opposes the motion. The Court requests post-hearing briefing on the issue. Defendant Dunn shall file his post-hearing brief no later than **January 24, 2020**, and the Government shall file its response by **January 31, 2020**. The Court will take Defendant Dunn's Motion for Suppression of Evidence (**Doc. No. 55**) under advisement on **January 31, 2020**, and issue a **Report and Recommendation** to the District Court.

12. **Defendant Lindsey's Motion to Compel Production of *Brady* Materials.** Defendant Lindsey moves, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, for an order compelling the Government to disclose all evidence favorable to him. The Government states that it will comply fully with its obligations under the Federal Rules of Criminal Procedure and applicable case law. Defendant Lindsey's Motion to Compel Production of *Brady* Materials (**Doc. No. 46**) is **GRANTED**. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

13. **Defendant Lindsey's Motion for Government to Retain Rough Notes.** Defendant Lindsey moves for an order requiring law enforcement agents, including any confidential reliable informants, to retain and preserve all rough notes taken as part of their investigation into this case. The Government does not object to the motion and represents that it has instructed its agents to do so. Defendant Lindsey's Motion for

Government to Retain Rough Notes **(Doc. No. 48)** is **GRANTED**. However, disclosure of rough notes is not required by this Order.

14. **Defendant Lindsey's Motion for Early Jencks Act Material and Grand Jury Disclosure.** Defendant Lindsey moves for an order requiring the Government's early compliance with the Jencks Act, 18 U.S.C. § 3500, specifically requesting disclosure of Jencks Act material (including Grand Jury disclosures) no later than one month prior to trial. The Government objects to this motion on the grounds that this Circuit has repeatedly held that the government may not be required to make pretrial disclosure of Jencks material. *United States v. Sturdivant*, 513 F.3d 795, 803 (8th Cir. 2008); *see also United States v. White*, 750 F.2d 726, 728–29 (8th Cir. 1984). Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant Lindsey's Motion for Early Jencks Act Material and Grand Jury Disclosure **(Doc. No. 50)** is **DENIED**. Nothing in this Order, however, precludes the Government from voluntarily disclosing Jenks Act material three business days prior to trial as it has represented it would.

15. **Defendant Lindsey's Motion for Disclosure and Inspection.** Defendant Lindsey requests an order requiring the Government to produce or permit various items of discovery, inspection, and copying pursuant to Fed. R. Crim. P. 16. The Government represents that it has made all disclosures required under Rule 16, and that it will

9

continue to supplement its disclosures as additional materials come into its possession. Defendant Lindsey's Motion for Disclosure and Inspection **(Doc. No. 52)** is **GRANTED** to the extent that it conforms to Fed. R. Crim. P. 12, 16, and 26.2 and is not already moot. The motion is **DENIED** to the extent that the Jencks Act protects disclosure, and identification of witnesses shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

16. **Defendant Lindsey's Motion for Disclosure of Informants and Witnesses.** Defendant Lindsey moves for the disclosure of the names and addresses of any informants and cooperating individuals who were used in the investigation of this matter. The Government represents that it will disclose to the defense the identities of any informants and cooperating witnesses relating to the charges against the Defendants and will cooperate with the defense in making them available for interview. The Government requests this disclosure take place two weeks prior to trial. Defendant Lindsey's Motion for Disclosure of Informants and Witnesses **(Doc. No. 53)** is **GRANTED** to the extent that such disclosure must take place **14 days** prior to trial.

17. **Defendant Lindsey's Motion for *Giglio* Discovery.** Defendant Lindsey moves, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, for an order compelling the Government to disclose

all evidence favorable to him. The Government states that it will comply fully with its obligations under the Federal Rules of Criminal Procedure and applicable case law. Defendant Lindsey's Motion for *Giglio* Discovery **(Doc. No. 54)** is **GRANTED**. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

      **18.**    **Defendant Lindsey's Motion to Suppress Search and Seizure Evidence.** Defendant Lindsey seeks an order suppressing any physical evidence obtained as the result of any illegal searches or seizures in violation of Defendant's Fourth Amendment rights on August 31, 2019. The Government opposes the motion. The Court requests post-hearing briefing on the issue. Defendant Lindsey shall file his post-hearing brief no later than **January 24, 2020**, and the Government shall file its response by **January 31, 2020**. The Court will take Defendant Lindsey's Motion for Suppression of Evidence **(Doc. No. 56)** under advisement on **January 31, 2020**, and issue a **Report and Recommendation** to the District Court.

      **19.**    The voir dire, jury instructions, and trial related motions due date, along with the trial date, are to be determined by U.S. District Judge Michael J. Davis.

Date: January 3, 2020

                                      *s/ Becky R. Thorson*
                                      BECKY R. THORSON
                                      United States Magistrate Judge