UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                           MEMORANDUM OF LAW AND ORDER
                                  Criminal File No. 19-268 (MJD)

(1) DARNELL ANDRE DUNN,

    Defendant.

Harry Jacobs, Assistant United States Attorney, Counsel for Plaintiff.

Kurt B. Glaser, Berglund, Baumgartner, Kimball & Glaser, LLC, Counsel for Defendant.

      Before the Court is Defendant's Motion for a New Trial under Federal Rule of Criminal Procedure 33, which allows courts to vacate judgments and grant new trials on the basis of newly discovered evidence. (Doc. 222.) Defendant states that his codefendant Justin Lindsey, who asserted his Fifth Amendment right not to testify at Defendant's last trial because he had not yet been sentenced, will testify at a new trial that Defendant did not know the gun Defendant was convicted of possessing was in the car until Lindsey tossed it to him. Defendant asserts the testimony will negate that Defendant "knowingly" possessed a firearm. Defendant argues this "newly discovered evidence" entitles him to a

1

new trial under Rule 33(b)(1) and United States v. Beckman, which requires that newly discovered evidence satisfy the following four prongs before a new trial can be granted:

    (1)    the evidence was unknown or unavailable to the defendant at the time of trial;
    (2)    the defendant was duly diligent in attempting to uncover it;
    (3)    the newly discovered evidence is material; and
    (4)    the newly discovered evidence . . . probably will result in an acquittal upon retrial.

787 F.3d 466, 491 (8th Cir. 2015) (alterations and emphasis in original) (cleaned up). The Government opposes the motion. (Doc. 226.) While the Court agrees that Defendant satisfies prongs 2 and 3 of the Beckman analysis (Doc. 222 at 5; Def. Ex. 1), Defendant does not satisfy prongs 1 and 4 of Beckman.

    Defendant argues, without citation to authority, that Lindsey's testimony was previously unavailable, and therefore "newly discovered" under Rule 33, because Lindsey invoked his Fifth Amendment right not to testify. Newly discovered evidence must have been newly discovered since trial. United States v. Chappell, 990 F.3d 673, 677 (8th Cir.), cert. denied, 142 S. Ct. 217 (2021). Defendant's evidence is not newly discovered because the factual basis for his claim was available at the time of trial. See United States v. Moore, 221 F.3d 1056, 1058 (8th Cir. 2000) ("Although Moore argues that Clayton was an unavailable witness at the time of trial since he was awaiting sentencing for his role in the drug conspiracy, this court has held that when a defendant who has chosen not to testify subsequently comes forward to offer testimony exculpating a codefendant, the evidence is not newly discovered.") (quotation omitted); United States v. Rogers, 982 F.2d 1241, 1245 (8th Cir. 1993) (same); Weaver v. United States, 793

F.3d 857, 863 (8th Cir. 2015) (addressing testimony of codefendants who did not testify on advice of counsel, although they apparently wanted to, and holding the same); see also United States v. Owen, 500 F.3d 83, 88 (2d Cir. 2007) ("[A] decided majority of circuits have held that, when a defendant is aware that his codefendant could provide exculpatory testimony but is unable to obtain that testimony because the codefendant invokes his privilege against self-incrimination prior to and during trial, the codefendant's postconviction statement exculpating the defendant is not 'newly discovered evidence' within the meaning of Rule 33.") (citing cases from the Third, Fifth, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits).

      Likewise, Lindsey's testimony probably will not result in an acquittal upon retrial. As the Court discussed in its Memorandum of Law and Order denying Defendant's Motion to Admit Statements by Justin Lindsey (Doc. 140), the circumstances surrounding the statements Lindsey made at his Change of Plea hearing regarding the topic of his proposed testimony in Defendant's new trial "indicate that his statements are not trustworthy." (Id. at 3-4.)  Lindsey has a clear motive to lie to exonerate Defendant because he is Defendant's cousin and friend. (Id. at 4.)  Lindsey also made contradictory, evasive, and implausible statements during his change of plea hearing, which indicates that any testimony Lindsey might provide would be untrustworthy and likely would not hold up on cross examination. (Id. at 5-6.)   Moreover, Defendant does not even assert that Lindsey would testify that Defendant did not possess the gun he was convicted of possessing, but only that Lindsey possessed the gun earlier in the day and that Defendant did not know the gun was in the car until Lindsey tossed it into his lap. (See Dunn Trial

3

Hr'g Test. at 357 (stating that Lindsey "tossed the firearm into my lap").)  However, three police officers testified at trial to seeing the gun in the seat under Defendant, not seeing the gun at all, and/or seeing the gun fall to the floorboard when Defendant exited the car, not to seeing the gun in Defendant's lap.  (Sweeney Trial Test. at 96; Campbell Trial Test. at 164-65; Wallace Trial Test. at 181.)  Thus, Lindsey's testimony likely would not result in acquittal upon retrial.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Defendant's Motion for a New Trial **(Doc. 222)** is **DENIED**.

Date:  November 7, 2022

s/Michael J. Davis  
Michael J. Davis  
United States District Court