## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

                Plaintiff,

v.                        **MEMORANDUM OF LAW & ORDER**
                                     Criminal File No. 19-00268(1) (MJD)

DARNELL ANDRE DUNN,

                Defendant.

Katherine T. Buzicky, Assistant United States Attorney, Counsel for Plaintiff.

Darnell Andre Dunn, Defendant, pro se.

## I.    INTRODUCTION

This matter is before the Court on Defendant Darnell Andre Dunn's Pro Se

Motion to Vacate Under § 2255.  (Doc. 280.)  The Government has responded.

(Doc. 300.)  For the following reasons, Dunn's motion is denied.

## II.    BACKGROUND FACTS

On August 30, 2019, a few minutes after St. Paul police received a shots-

fired call, Officer Dustin Sweeney stopped a car matching the description of the

suspect car a few blocks from where the incident occurred.  (Doc. 217 (Trial Tr.

Vol. II) at 53-57, 67, 75-76.)  Dunn was in the car with two other people.  (Id. at

80-82.)  Because police had received inaccurate information that the suspect car had out-of-state plates, Officer Sweeney let Dunn go.  (Id. at 82.)  By the time officers realized their mistake, officers could not find Dunn.  (Id. at 83.)

The next day, Officer Sweeney saw Dunn and his cousin, Justin Lindsey, sitting in a car in a gas station parking lot.  (Id. at 86-89.)  Because Officer Sweeney recognized Dunn from the previous night, he ordered Dunn and Lindsey out of the car.  As Dunn exited the car, officers saw a handgun fall from the passenger seat to the floorboard of the car. (Doc. 218 (Trial Tr. Vol. III) at 165.)

Officers searched the car and recovered the handgun, which was loaded and contained a 16-round extended magazine; approximately seven grams of cocaine; and a bottle containing 19 Xanax pills.  (PSR ¶ 9.)  Dunn and Lindsey were detained and later arrested.  (Id. ¶ 10.)  Later that day, law enforcement reviewed Lindsey's public social media accounts and saw Snapchat videos posted on his account within the last day showing him in a car holding a black handgun in his lap.  (Id. ¶ 11.)  Lindsey was wearing the same "distinct clothing" he was wearing at the time of his arrest.  (Id.)

Officers also compared the handgun recovered in the car with shell casings recovered from the previous night's shooting. The gun matched multiple shell casings recovered from the shooting scene. (Id. ¶ 12.)

In October 2019, Dunn was charged with being an armed career criminal in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Lindsey was charged in the same indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The indictment listed six of Dunn's prior convictions, including a 2008 Minnesota conviction for Third-Degree Assault. Dunn committed the assault as a juvenile but was prosecuted as an adult. (PSR ¶ 41.) Kurt Glaser, Esq., was appointed to represent Dunn.

## III. PROCEDURAL HISTORY

### A. Lindsey's Plea

On May 25, 2021, Lindsey pleaded guilty to illegally possessing a firearm as a felon. (Docs. 129, 132 (Plea Hr'g Tr.).) During his plea hearing, Lindsey stated that when Officer Sweeney approached the car in October 2019, "[t]he gun wasn't in my possession at that time." (Doc. 132 at 20.) He also said that he threw the gun at Dunn at some point after law enforcement arrived and told Dunn to hide the gun in the glove compartment. (Id. at 22.)

3

### B.    Dunn's Trial

Dunn went to trial and called Lindsey to testify about the statements he made at his change of plea hearing.  Lindsey appeared pursuant to a subpoena and invoked his Fifth Amendment right not to testify.  (Doc. 218 (Trial Tr. Vol. III) at 281.)

Failing that, Attorney Glaser moved to admit a transcript of Lindsey's change-of-plea hearing.  (Doc. 137 at 1.)  Glaser argued that the transcript was admissible as (1) a statement against interest under Federal Rule of Evidence 804(b)(3); (2) as former testimony under Federal Rule of Evidence 804(b)(1); and as (3) "otherwise reliable evidence" under Federal Rule of Evidence 807's residual exception to the rule against hearsay.  (Id. at 4-8.)

First, the Court found that although Lindsey was unavailable due to his invocation of the Fifth Amendment, Lindsey's plea transcript was not a statement against interest because Dunn could not establish the other two prongs of the Rule 804(b)(3) analysis: Lindsey was not exposed to additional criminal liability by testifying at his change-of-plea hearing that he tossed the gun to Dunn; that Lindsey, as Dunn's cousin and friend, had motivation to lie to exonerate Dunn; that Lindsey did not have a plea agreement with the

4

government, but entered a straight plea in the case; and that Lindsey made contradictory statements about possessing the gun during his plea colloquy. (Doc. 140 at 3-6.)

Second, the Court also found that Lindsey's plea transcript was not admissible under Rule 804(b)(1) as former testimony because the Government did not have the opportunity or similar motive to develop Lindsey's testimony during the plea hearing as it would have had during a trial. (Id. at 6.)

Third, the Court found that under the residual exception to Rule 807, Lindsey's plea transcript was not admissible because, as with its Rule 804(b)(3) analysis, Lindsey "had a strong motive to lie, faced few additional consequences from taking the fall for Dunn after already admitting to possessing the gun that day, and gave contradictory and evasive testimony." (Id. at 7-8.)

The jury found Dunn guilty. Dunn moved for a new trial based on the Court's decision to exclude Lindsey's plea hearing transcript. (Doc. 222.) The Court denied the motion. (Doc. 228.)

## C.    Dunn's Sentencing

In August 2021, Probation issued a preliminary PSR that stated Dunn was an armed career criminal under the Armed Career Criminal Act ("ACCA") based

5

on three prior convictions: a robbery conviction and two assault convictions,

including the 2008 assault conviction. (Doc. 164 (Prelim. PSR) ¶ 28); see also

United States v. Dunn, 76 F.4th 1062, 1068 (8th Cir. 2023) (listing predicate

convictions). Accordingly, Probation assigned Dunn an ACCA enhancement.

(Id.) Glaser objected to the assignment of the enhancement, but the enhancement

was included in the final PSR. (Doc. 169.)

Glaser objected to Dunn's ACCA status in briefing submitted prior to the

sentencing hearing and during oral argument. He argued that the 2008 assault

conviction should not count as a predicate offense because Dunn committed the

crime when he was a juvenile, even though he was tried as an adult. (Docs. 201

at 2-10; 212 at 4-9.) The Court overruled the objection and sentenced Dunn as an

armed career criminal to 180 months in prison with 5 years supervised release.

### D.    Dunn's Appeal

Dunn appealed his conviction and sentence. He argued that this Court

abused its discretion by excluding Lindsey's plea-hearing testimony, that 18

U.S.C. § 922(g) is unconstitutional, that his 2008 assault conviction was not an

ACCA predicate, and that a jury—not the Court—had to decide which of his past

crimes were ACCA predicates by being "committed on occasions different from

one another." Dunn, 76 F.4th at 1066-68. The Eighth Circuit rejected all Dunn's arguments and affirmed this Court in all respects. Some of Dunn's arguments had not been raised in the District Court and the Eighth Circuit rejected those arguments on plain error review.

Regarding Lindsey's plea hearing statements, the Eighth Circuit explained that this Court correctly declined to admit Lindsey's testimony. Lindsey's statements were not admissible under Rule 804(b)(1) because "[t]he government had no motive to develop Lindsey's testimony about whether Dunn knowingly possessed the firearm, because Dunn's involvement was immaterial to the validity of Lindsey's guilty plea." Id. at 1066 (citation omitted). The Circuit agreed with this Court that "once Lindsey decided to plead guilty, Dunn's culpability for possessing a firearm did not affect Lindsey's criminal liability. Lindsey's statements tending to exculpate Dunn were thus not against Lindsey's penal interest," and this Court did not err in concluding that Lindsey's statements regarding Dunn "were neither corroborated nor trustworthy." Id. at 1066-67. The court noted that this Court observed that, among other things, Lindsey had "clear motivation to lie to exonerate" his cousin and that Lindsey's credibility suffered when he could only identify the person from whom he

supposedly purchased the gun on the morning of the arrest as "like I told you . . . a mutual person that I knew." Id. at 1067. Thus, the District Court did not abuse its discretion in declining to admit Lindsey's prior statement under Rule 804(b)(3). Id. Finally, the Eighth Circuit affirmed this Court's finding that Lindsey's statements lacked the "sufficient guarantees of trustworthiness" to be admitted under Rule 807 because they were "not supported by corroborating circumstances indicating their trustworthiness[] and there were sound reasons to doubt his credibility." Id.

Dunn also challenged his ACCA-standing on appeal. He argued that he did not have three predicate offenses because his 2008 assault conviction should only have been considered an act of delinquency because he committed the crime when he was 16-years-old. Id. at 1068. The Eighth Circuit held that this Court did not err in concluding that the conviction for third-degree assault was a violent felony, and thus an ACCA predicate. Id. (citing United States v. Ronning, 6 F.4th 851, 854 (8th Cir. 2021) (adult conviction for violent felony not an act of delinquency, even if offense committed while under age eighteen).

Dunn next argued for the first time on appeal that a jury, not the Court, should have determined whether his ACCA predicates were committed on

occasions different from one another.  Id.  The court held that under circuit

precedent, the Sixth Amendment did not prevent a sentencing judge from

making this determination.  Id.  Moreover, even if there was an error, Dunn

could not show prejudice because he did not object to the information in the PSR

containing the dates of commission of the three predicate offenses and there was

no reasonable probability that a jury would have found that any of the three

prior offenses from different years—2007, 2009, and 2012—were committed on

the same occasion.  Id. at 1069.  Thus, this Court committed no plain error.  Id.

## IV.    DISCUSSION

### A.    Standard for Relief under 28 U.S.C. § 2255

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act
> of Congress claiming the right to be released upon the ground that
> the sentence was imposed in violation of the Constitution or laws of
> the United States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in excess of the
> maximum authorized by law, or is otherwise subject to collateral
> attack, may move the court which imposed the sentence to vacate,
> set aside or correct the sentence.

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of
> constitutional rights and for a narrow range of injuries that could
> not have been raised on direct appeal and, if uncorrected, would
> result in a complete miscarriage of justice.  A movant may not raise
> constitutional issues for the first time on collateral review without

establishing both cause for the procedural default and actual
prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted).

Alternatively, the procedural default can be excused if the defendant can

demonstrate that he is actually innocent. Bousley v. United States, 523 U.S. 614,

622 (1998).

A petitioner is entitled to an evidentiary hearing on a § 2255 motion,

"[u]nless the motion and the files of the case conclusively show that the prisoner

is entitled to no relief." 28 U.S.C. § 2255(b).

> [A] petition can be dismissed without a hearing if (1) the petitioner's
> allegations, accepted as true, would not entitle the petitioner to
> relief, or (2) the allegations cannot be accepted as true because they
> are contradicted by the record, inherently incredible, or conclusions
> rather than statements of fact.

Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).

### B.    Dunn's Stated Grounds for Relief

Dunn states three grounds for relief. First, he asserts that Glaser was

ineffective for failing to raise before this Court, and raising for the first time

before the Eighth Circuit, that § 922(g) is overly broad and violates Dunn's

Second Amendment right to keep and bear arms. (Doc. 280 at 4.)

Second, Dunn argues that his ACCA-enhanced sentence should be vacated because Glaser was ineffective at sentencing.  Dunn reiterates that his 2008 conviction for third-degree assault does not qualify as an ACCA predicate, that a jury should have decided if his convictions were ACCA predicates, and that Glaser failed to make appropriate objections to the PSR.  (Id. at 6.)

Third, Dunn argues that Lindsey's plea hearing testimony should have been admitted at his trial.  (Id.)

The Government notes that because Dunn's motion does not "adhere to the structure of the form motion he submitted," some of Dunn's arguments are difficult to parse.  (Doc. 300 at 9 (citing Question 7 of Dunn's Ground 1 argument (his claim that § 922(g) violates the Second Amendment), where Dunn stated, "third-degree assault should not have counted," an argument that relates to Count 2 of his complaint, his ACCA-status claim).)  The Government has done its best to logically construe Dunn's arguments (Id. at 10); the Court concurs with the Government's framing; and follows that framing in this Order.

### 1.   Timing

In relevant part, a motion by a federal prisoner for post-conviction relief pursuant to 28 U.S.C. § 2255 is subject to a one-year time limitation that generally

runs from the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). If a defendant does not file a writ of certiorari to the United States Supreme Court after an unsuccessful appeal to a circuit court from the judgment of conviction, the judgment of conviction becomes final when the 90-day period for filing a certiorari petition runs. Clay v. United States, 537 U.S. 522, 527 (2003).

In this case, the date of entry of the judgment from the Eighth Circuit Court of Appeals was August 9, 2023. (Doc. 246.) Dunn did not file a petition for certiorari to the United States Supreme Court. Consequently, the 90-day period for filing a certiorari petition expired on November 9, 2023. Dunn's § 2255 motion was filed on August 7, 2024 and docketed on August 19, 2024. (Doc. 280-1 (envelope with BOP processing date).) See Houston v. Lack, 487 U.S. 266, 276 (1988) (date of filing for in-custody petitioner is day petitioner delivered filing to prison authorities for forwarding to clerk of court). Dunn's motion is timely.

## 2. The Issue of Lindsey's Plea Hearing Testimony Cannot be Relitigated

"It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255."

Bear Stops v. United States, 339 F.3d 777, 780 (8th Cir. 2003) (quotation omitted);

United States v. Petruk, No. CR 16-285 ADM/LIB, 2021 WL 766699, at *2 (D.

Minn. Feb. 26, 2021) (same) (citing Sun Bear v. United States, 644 F.3d 700, 702

(8th Cir. 2011) (en banc)) (citation omitted).  The issues Dunn raises with respect

to Lindsey's plea hearing testimony were decided on direct appeal and cannot

now be relitigated before this Court.  Sun Bear, 644 F.3d at 702 (citing Davis v.

United States, 417 U.S. 333, 346–47 (1974)).  This part of Dunn's motion is denied.

### 3.    Ineffective Assistance of Counsel

Claims of ineffective assistance must be scrutinized under the two-part test

set forth in Strickland v. Washington, 466 U.S. 668 (1984).  Under the Strickland

test, Petitioner must prove that: (1) counsel's representation was deficient; and

(2) counsel's deficient performance prejudiced Petitioner's case.  Kingsberry v.

United States, 202 F.3d 1030, 1032 (8th Cir. 2000).

To satisfy the first prong of the Strickland test, Petitioner must show that

counsel's representation fell below an objective standard of reasonableness under

professional norms.  466 U.S. at 669.  The inquiry should be whether counsel's

assistance was reasonable considering all the circumstances surrounding the

case.  Id.  Judicial scrutiny of counsel's performance should be highly deferential,

and the general presumption is that counsel's conduct "falls within the wide range of reasonable professional assistance." Id. at 689.

To satisfy the second prong under the Strickland test, Petitioner must show that but for counsel's errors, the outcome of the proceedings would have been different. Id. at 694.

### a)    18 U.S.C. § 922(g)(1) is Constitutional

Dunn argues that Glaser was ineffective because he failed to argue at the district court level that § 922(g)(1) was unconstitutional. (Doc. 280 at 4.) Glaser argued on appeal that § 922(g)(1) was overly broad, an argument the Eighth Circuit rejected based on its then-recent decision in United States v. Jackson, 69 F.4th 495, 502 (8th Cir. 2023) ("Jackson I") (subsequent history omitted). Dunn, 76 F.4th at 1068 (holding that "the felon-in-possession statute is constitutional, and there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)") (cleaned up) (citation omitted).

Dunn argues that had Glaser raised the unconstitutionality issue before this Court, the Eighth Circuit would have conducted a de novo, rather than plain error, review and that the result would have been different on appeal. Dunn is incorrect. Despite significant changes in Second Amendment jurisprudence since

14

2022 and the Supreme Court's decision in <u>Bruen</u>, decided two weeks before

Dunn's 2022 sentencing and which held that law-abiding citizens have the right

to keep and bear arms in public for self-defense without showing a special need

to do so but "subject to certain reasonable, well-defined restrictions," 597 U.S. at

70, felons are still prohibited from possessing firearms.  <u>Bruen</u> did not disturb

<u>Heller</u>'s holding that while an individual has a right to own firearms for self-

defense, "nothing in [the] opinion should be taken to cast doubt on longstanding

prohibitions on the possession of firearms by felons."  544 U.S. at 626.

 Shortly after the <u>Bruen</u> decision, the Eighth Circuit affirmed the

constitutionality of § 922(g)(1).  <u>See</u> <u>Jackson I</u>, 69 F.4th at 501-06.  <u>Jackson I</u>,

however, was summarily vacated by the Supreme Court's June 21, 2024 decision

in <u>United States v. Rahimi</u>, 144 S. Ct. 1889 (2024).  <u>Jackson v. United States</u>, No.

23-6170, 144 S. Ct. 2710 (July 2, 2024).

 On remand, the Eighth Circuit again found § 922(g)(1) constitutional

because Congress "acted within the historical tradition when it enacted §

922(g)(1) and the prohibition on possession of firearms by felons."  <u>United States</u>

<u>v. Jackson</u>, 110 F.4th 1120, 1129 (8th Cir. 2024) ("<u>Jackson II</u>"), <u>reh'g en banc</u>

<u>denied</u>, 121 F.4th 656 (2024); <u>see also, e.g.</u>, <u>United States v. Mull</u>, 113 F.4th 864,

869 (8th Cir. 2024) (applying <u>Jackson II</u> and citing Eighth Circuit cases applying

the case), <u>reh'g denied</u>, No. 23-3424, 2024 WL 4492049 (8th Cir. Oct. 15, 2024);

<u>United States v. Langston</u>, 110 F.4th 408, 420 (1st Cir. 2024) (defendant failed to

show that § 922(g)(1) clearly and obviously violated the Second Amendment as

applied to him), <u>cert. denied</u>, No. 24-5795, 2024 WL 4805963 (Nov. 18, 2024);

<u>United States v. Canada</u>, No. 22-4519, — F.4th —, 2024 WL 5002188 (4th Cir. Dec.

6, 2024)("The facial constitutionality of Section 922(g)(1) is not" one of the

"difficult questions" courts are "grappling with" in the wake of <u>Bruen</u> and

<u>Rahimi</u>); <u>United States v. Diaz</u>, 116 F.4th 458, 472 (5th Cir. 2024) (§ 922(g)(1) both

facially constitutional and constitutional as applied to defendant); <u>United States

v. Williams</u>, 113 F.4th 637, 662-63 (6th Cir. 2024) ("§ 922(g)(1) constitutional on its

face and as applied to dangerous people"); <u>United States v. Tillman</u>, No. 23-cr-

158 (SRN/TNL), 2023 WL 8929191, at *2 (D. Minn. Dec. 27, 2023); <u>United States v.

White</u>, No. 22-207 (JRT/ECW), 2024 WL 3402741, at *3 (D. Minn. July 11, 2024).

Thus, Dunn's conviction was constitutional and remains so despite

Glaser's failure to raise a Second Amendment challenge to § 922(g)(1) in the

District Court and despite the changes in Second Amendment jurisprudence.  <u>See

Gundersen v. United States</u>, No. 24-1032, 2025 WL 251695, at *1 (8th Cir. Jan. 21,

2025) (holding that a defendant does not suffer <u>Strickland</u> prejudice because his attorney failed to challenge the constitutionality of § 922(g)(1) under <u>Bruen</u>) (citing <u>United States v. Cunningham</u>, 114 F.4th 671, 675 (8th Cir. 2024) ("[t]he longstanding prohibition on possession of firearms by felons is constitutional"); <u>Jackson II</u>, 110 F.4th at 1125 ("no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)").

Even <u>if</u> Dunn had established that Glaser's actions had fallen below the objective standard for reasonable attorney performance, something the Court does not find, Dunn has not shown that but for counsel's errors, the outcome of the proceedings would have been different.  <u>See</u> <u>Strickland</u>, 466 U.S. at 694 (stating that the defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").  This part of Dunn's motion is denied.

### b)    Dunn is an Armed Career Criminal

Dunn argues that Glaser was ineffective at sentencing because Glaser did not (1) challenge Dunn's 2008 third-degree assault conviction as a predicate that established Dunn's ACCA status and (2) argue that his predicates should have been "determined by jury trial."  (Doc. 280 at 5.)

17

First, at the District Court, Glaser argued against including Dunn's 2008 assault conviction as a predicate offense. (Docs. 178 (Pos. of Def. with Regard to Sent. Factors); 196 (Def. Reply to Gov. Response to Def.'s Sent. Pos.); 201 (Def. Sent. Pos. Regarding Appl. of ACCA); Doc. 212 (Sent. Hr'g Trans. at 1-10)).

On this record, Dunn is not entitled to relief because Glaser did not provide ineffective assistance. Dunn's allegations of ineffective assistance related to the 2008 conviction cannot be accepted as true because they are contradicted by the record. Engelen, 68 F.3d at 240. Glaser took every opportunity to convince the Court not to count Dunn's 2008 conviction as an ACCA predicate and to preserve the issue for appeal. That the Court did not grant Glaser's motions or give Dunn the relief he sought is of no consequence. "Reasonable trial strategy does not constitute ineffective assistance of counsel simply because it is not successful." James v. Iowa, 100 F.3d 586, 590 (8th Cir. 1996).

Second, Dunn was not prejudiced by Glaser's failure to argue that a jury should have decided whether his prior convictions were ACCA predicates. Although Glaser never raised this issue at trial and did not make an objection to the PSR based on this issue, juries were not required to decide what prior offenses were ACCA predicates in 2022 when Dunn was sentenced. See Erlinger

18

v. United States, 602 U.S. 821, 835 (2024) (holding that a jury, not a judge, must decide if predicate felonies were committed on three different occasions); Dunn, 76 F.4th at 1068 (holding that even if a jury finding were necessary, there is "no reasonable probability that a jury would have found that any of these three prior offenses from different years were committed on the same occasion" and therefore no prejudice to Dunn).  Glaser pursued all reasonable areas of inquiry. Under Strickland, it is not ineffective assistance "when counsel fails to perform those acts which clearly appear to be futile or fruitless at the time the decision must be made."  Garrett v. United States, 78 F.3d 1296, 1303 n.11 (8th Cir. 1996).

Importantly, Erlinger has not been made retroactive; thus, the relief Dunn seeks is unavailable to him.  As discussed above, the Eighth Circuit has already determined there was no prejudice to Dunn because no reasonable juror could find that the predicate offenses committed in different years were committed on the same occasion.  Dunn, 76 F.4th at 1068.  If no reasonable juror could find a defendant committed his offenses on the same occasion, a judicial determination of different occasions is harmless.  United States v. Stonewall, 82 F.4th 607, 610 (8th Cir. 2023) (en banc).  This part of Dunn's motion is denied.

        **c)**        **Glaser Raised Arguments Related to Lindsey's Testimony at Trial**

19

To the extent Dunn argues that Glaser was ineffective because the issue of Lindsey's testimony was raised only on direct appeal, that argument is without merit.  (See Doc. 300 at 16 n.1 (Gov. Br. stating Def. may be arguing this point) (citing Doc. 280 at 8).)  As discussed above, Glaser unsuccessfully tried to get Lindsey's testimony admitted at trial and moved for a new trial based on the Court's decision to exclude the plea hearing transcript after the jury's guilty verdict.  (Docs. 137 at 1, 4-8; 222.)  Therefore, any allegation of ineffective assistance related to Lindsey's testimony cannot be accepted as true because it is contradicted by the record.  Engelen, 68 F.3d at 240.  This part of Dunn's motion is denied.

### C.      Dunn is not Entitled to an Evidentiary Hearing

After a thorough review of Dunn's claims, the Court finds that  "the motion and the files of the case conclusively show that the prisoner is entitled to no relief" and therefore, Dunn's petition can be dismissed without an evidentiary hearing.  28 U.S.C. § 2255(b); Engelen, 68 F.3d at 240.

### D.      No Certificate of Appealability Shall Issue

Under Slack v. McDaniel, 529 U.S. 473, 484 (2000), in resolving a § 2255 motion, the Court must issue a certificate of appealability on both its procedural

and substantive rulings unless it makes certain findings.  For its procedural rulings, to deny a certificate of appealability, the Court must find that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Id.  For its decisions on the merits, to deny a certificate of appealability, the Court must find that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

These requirements are satisfied both with regard to Dunn's substantive claims for relief under Strickland and the Constitution and with regard to Dunn's procedural claim regarding Lindsey's plea hearing testimony.  See, e.g., Gunderson, 2025 WL 251695, at *1 (case had come to court based on grant of certificate of appealability on defendant's claim that counsel was inefficient for failing to challenge constitutionality of 18 U.S.C. § 922(g)(1)).

Accordingly, the Court will not issue a certificate of appealability.

## V.    ORDER

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

21

1.      Defendant Darnell Andre Dunn's Pro Se Motion to Vacate Under §

2255 **[Doc. 280]** is **DENIED**; and

2.      No Certificate of Appealability shall issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 28, 2025                    s/Michael J. Davis
                                            Michael J. Davis
                                            United States District Court